**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3551-15T2

OWEN FORENSIC SERVICES,[1]

    Plaintiff-Respondent,

v.

MARY CATHERINE BAUR,

    Defendant-Appellant.

_____

        Submitted May 2, 2017 — Decided May 9, 2017

        Before Judges Fasciale and Sapp-Peterson.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Docket No. DC-
        0679-16.

        Mary Catherine Baur, appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

    Pro se defendant appeals from a March 14, 2016 small-claims

judgment entered in plaintiff's favor after a one-day bench trial.

We affirm.

_____

[1]   Improperly pled as "Owens Forensic Services."

Plaintiff is in the business of providing video enhancing forensic services. As part of that business, the parties had entered into a contract in April 2015. Pursuant to that contract, plaintiff provided defendant with various forensic video services pertaining to a different lawsuit. The parties dispute whether plaintiff provided those services timely and sufficiently, and whether plaintiff provided additional forensic video services pursuant to a July 2015 contract.

Plaintiff filed this book-account complaint against defendant alleging breach of the purported July contract. Plaintiff maintained that it had successfully performed its obligations under the April contract, but then the parties entered into the subsequent contract for additional services. Plaintiff sought $1750 in damages for the services it performed under the July contract.

Defendant filed a counterclaim alleging that plaintiff breached the April contract. In her counterclaim, defendant argued the parties did not enter into a July contract for additional services. Defendant sought damages for breach of the April contract.

After hearing the testimony from the parties and reviewing various emails that they exchanged, the judge made detailed findings of fact and rendered a lengthy oral opinion. The judge

A-3551-15T2

found that the parties entered into the July contract, plaintiff performed additional video enhancement services as part of that contract, and defendant failed to pay for those new services. In reaching this finding, the judge rejected defendant's argument that the services were part of the April contract. The judge then entered the judgment for plaintiff and dismissed defendant's counterclaim.

On appeal, defendant argues there are insufficient facts to support the judge's findings and judgment. She maintains that plaintiff breached the April contract, and that there is no evidential basis to award plaintiff damages as to the July contract. Defendant maintains, as she did before the judge, that plaintiff acted in bad faith by failing to perform its services in a timely fashion.

We conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

The standard of review of judgments or orders entered after bench trials is well settled. The findings of the trial judge are binding on appeal if they are supported by "adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). We review a "trial court's interpretation of the law and the legal consequences that flow

from established facts" de novo. <u>Manalapan Realty, L.P. v. Twp.</u> <u>Comm. of Manalapan</u>, 140 <u>N.J.</u> 366, 378 (1995). Applying this standard, we see no error.

On the allegations in defendant's counterclaim, the court found that she did not meet her burden of proof. The court explained that defendant offered no credible evidence showing that plaintiff failed to perform the authentication or enhancement services contemplated under the April contract. The judge concluded that plaintiff performed the services timely and properly. We have no reasons to disturb these findings.

On the allegations in plaintiff's complaint, the judge concluded that the parties entered into the July contract for additional services. The record reflects that after plaintiff provided a bill for the additional service to recover audio, defendant responded "Thank you!" In addition to making credibility findings of fact, the judge found that defendant's response to the subsequent bill further indicated a "meeting of the minds" between the parties that plaintiff performed additional services as part of the July contract.

We conclude therefore that there are sufficient facts in the record to support the judge's findings of fact and conclusions of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3551-15T2